UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ANDREW W. LENTZ and<br>DEBORAH L. LENTZ<br>Debtor(s) | : | CHAPTER 13 |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>Movant | : | |
| vs. | : | |
| ANDREW W. LENTZ and<br>DEBORAH L. LENTZ<br>Respondent(s) | : | CASE NO. 1-21-bk-00119 |

### TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 24th day of June, 2021, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

 a. Utilities – Line 6A

2. Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, debtor's have excess non-exempt equity in the following:

 a. Automobile (2007 Noble 400)
 b. Ameri Metro Stock and Morningstar Market Escrow

3. Debtor not entitled to a discharge. (Andrew Lentz)

4. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

 a. The plan is underfunded relative to claims to be paid – 100% plan.
 b. Secured claims not in plan. (Three Line – Claim #10)

5. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

    a. 2020 Federal Income Tax return.

6. The Trustee provides notice to the Court as to the ineffectiveness of debtor(s) Chapter 13 Plan for the following reasons:

    a. Clarification of vesting of property.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 29th day of June, 2021, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Michael Csonka, Esquire
166 South Main Street
Kerrstown Square
Chambersburg, PA   17201

/s/Deborah A. Behney
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee