UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: ANDREW W. LENTZ and : CHAPTER 13
DEBORAH L. LENTZ :
    Debtor(s) :
:
JACK N. ZAHAROPOULOS :
STANDING CHAPTER 13 TRUSTEE :
    Movant :
:
vs. :
:
ANDREW W. LENTZ and :
DEBORAH L. LENTZ :
    Respondent(s) : CASE NO. 1-21-bk-00119

## TRUSTEE'S OBJECTION TO FIFTH AMENDED CHAPTER 13 PLAN

    AND NOW, this 22nd of November, 2022, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

    1. Debtor(s)' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically, debtors' own schedules indicate a liquidation value in excess of the total amount of all claims.

    2. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

        a. The plan is underfunded relative to claims to be paid – 100% plan.

    3. Debtors' plan cannot be administered because it improperly states a liquidation value of $900,000.00. According to debtors' own schedules, the liquidation value is in excess of $100,000.000.00. Moreover, the plan is required by the Bankruptcy Code to pay 100% of approved unsecured claims which total approximately $2,826,131.23, yet the plan only proposes to pay $773,500.00.

    4. This bankruptcy was filed on January 21, 2021 and proposes a total payment of approximately $770,000.00, yet to date only $1,900.00 has been paid over to the Chapter 13 Trustee and even if the plan is confirmed in its current form, only attorney fees would be paid out until February of 2023. Therefore, the Trustee avers that this plan was not filed in good faith.

5. The proposed stock sale and/or settlement is overly speculative and may take years. It is unfair to hold creditors at bay by allowing the debtor to continue in a Chapter 13 paying only $100.00 per month, with only the prospect that such a sale and/or settlement may occur in the future. Secured debt holders are not receiving adequate protection.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of debtor(s) plan.
b. Dismiss or convert debtor(s) case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Douglas R. Roeder
Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 22nd day of November, 2022, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Michael Csonka, Esquire
166 South Main Street
Kerrstown Square
Chambersburg, PA 17201

/s/Deborah A. Behney
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee